# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JAMES FORD and ISAAC HENDERSON**, | * |
| | * |
| Plaintiffs, | * |
| | *  No. 2:22-cv-2157 |
| v. | * |
| | *  JURY DEMAND |
| **EHAB GHOBRAN and** | * |
| **AMG LOGISTICS INC.**, | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant AMG Logistics Inc. ("AMG"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Western District of Tennessee from the Circuit Court for Shelby County, Tennessee, where the action is now pending, and as grounds, states as follows:

1. This cause of action was commenced in the Circuit Court for Shelby County, Tennessee on December 16, 2021.

2. This is a civil action for damages arising out of a motor vehicle collision that occurred on Interstate 40 in Memphis, Tennessee on February 14, 2021. The United States District Court for the Western District of Tennessee, Western Division has jurisdiction by reason of the diversity of citizenship of the parties.

3. At the time of the commencement of this action in state court, and since that time, Plaintiffs were and are citizens and residents of Shelby County, Tennessee.

4. At the time of the commencement of this action in state court, and since that time, Defendant Ehab Ghobran ("Ghobran") was and is a citizen and resident of Huntington Beach, California. Ghobran's citizenship is therefore diverse from that of Plaintiffs.

5. AMG is a corporation. The citizenship of a corporation for purposes of diversity jurisdiction is both the state in which the entity is incorporated and the state in which the entity maintains its principal place of business. *See Hinton v. Wachovia Bank of Del. Nat'l Ass'n*, 189 Fed. App'x 394, 397 n.6 (6th Cir. 2006). As AMG is organized under the laws of the State of Illinois and maintains its principal place of business in that same state, it is a citizen of Illinois. Thus, Ghobran and AMG both have citizenship that is diverse from that of Plaintiffs and complete diversity exists under 28 U.S.C. § 1332(a).

6. Upon information and belief, Ghobran has not yet been served to date. AMG was served with process and the complaint on December 21, 2021. However, at the time AMG was served, the case was not removable on the face of the complaint, nor was it removable within 30 days after service.

7. If a case is not initially removable based on the language contained in a complaint, a defendant may nevertheless remove the case by filing a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3) (emphasis added).

8. On February 8, 2022, Plaintiffs' counsel sent a demand, attached hereto as **Exhibit 1**, for $350,000. That settlement demand constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) and was AMG's first notice that Plaintiffs sought more than $75,000, exclusive of costs and interest, in this lawsuit. The amount in controversy requirement under 28

U.S.C. § 1332(b) is therefore satisfied based on the demand AMG received. This Notice of Removal is timely because it was filed within 30 days of AMG receiving that "other paper . . . ." *See* 28 U.S.C. § 1446(b)(3).

9. All defendants who have been properly joined and served join in or consent to the removal of this action.

10. A copy of all process, pleadings, and orders[1] served upon AMG are attached to this Notice of Removal as **Exhibit 2** in accordance with 28 U.S.C. § 1446(a).

11. AMG will provide written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

12. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Shelby County, Tennessee in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE,** AMG requests that this action proceed in this Court as an action properly removed to it.

    Respectfully submitted,

    **CARR ALLISON**

    BY:   /s/ Sean W. Martin
        **SEAN W. MARTIN, BPR #020870**
        **MICHAEL J. PETHERICK, BPR #036155**
        Attorneys for Defendant AMG Logistics Inc.
        736 Market St., Suite 1320
        Chattanooga, TN 37402
        (423) 648-9832 / (423) 648-9869
        swmartin@carrallison.com
        mpetherick@carrallison.com

---

[1] Plaintiffs additionally filed interrogatories and requests for production of documents with the Circuit Court, which are excluded from **Exhibit 2** because they are not "process, pleadings, [or] orders . . . ." See 28 U.S.C. § 1446(a). Further, the summonses and notice regarding service of written discovery issued with respect to Ghobran are excluded because they were not served upon AMG and Ghobran has not yet been served. *See id.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Larry J. Peters
Schwed, Adams & McGinley, P.A.
88 Union Avenue, Suite 1100
Memphis, TN 38103

                         **CARR ALLISON**

BY: _____/s/ Sean W. Martin_____
        **SEAN W. MARTIN, BPR #020870**
        **MICHAEL J. PETHERICK, BPR #036155**